IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**DALE P. FIELD, JR.,**

**Plaintiff,**

v.

**ALTRIA GROUP, INC.**

**Defendant.**

Case No.: 2:19-CV-36
(JUDGE KLEEH)

## REPORT AND RECOMMENDATION RECOMMENDING DEFENDANT'S MOTION TO DISMISS BE GRANTED

This matter is before the undersigned pursuant to a referral order entered by Honorable United States District Judge Thomas S. Kleeh on July 1, 2019 (ECF No. 7). Pending before the Court is Defendant's First Motion to Dismiss for Lack of Jurisdiction filed on June 10, 2019 (ECF No. 4) and Plaintiff's *pro se* Motion to Add Defendant (ECF No. 7) filed with his Response (ECF No. 8) to the Defendant's Motion to Dismiss on July 1, 2019. Defendant filed a Reply to Plaintiff's Response on July 8, 2019. (ECF No. 11). Accordingly, this matter is ripe for a Report and Recommendation to District Judge Kleeh.

For the reasons set forth herein, the undersigned **RECOMMENDS** Defendant's First Motion to Dismiss for Lack of Jurisdiction (ECF No. 4) be **GRANTED** and Plaintiff's claims against Defendant Altria Group be **DISMISSED**. The undersigned further **RECOMMENDS** Plaintiff's Motion to Add Defendant (ECF No. 7), construed as a Motion to Amend be **GRANTED**. The undersigned **DIRECTS** Plaintiff to file and serve an Amended Complaint on Defendant Philip Morris, USA **within twenty-one (21) days** from the date of Plaintiff's receipt of this Report and Recommendation.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

1

Plaintiff Dale P. Field, Jr., proceeding *pro se*, filed his Complaint in the Circuit Court of Randolph County, W.V. on March 15, 2019. (ECF No. 13-1, at 3). Plaintiff's filings in state court indicate Plaintiff is presently incarcerated at the Tygart Valley Regional Jail. (ECF No. 1-1 at 7-8). Defendant, Altria Group, Inc. filed a Notice of Removal and removed this action to this Court, the United States District Court for the Northern District of West Virginia, Elkins Division, on June 10, 2019. (ECF No. 1). Defendant removed this action based upon the existence of diversity jurisdiction under 28 U.S.C. § 1332(a). (ECF No. 1 at 2).

On June 10, 2019, Defendant, Altria Group, Inc. filed its First Motion to Dismiss for Lack of Jurisdiction (ECF No. 4). On July 1, 2019, Plaintiff filed a Motion to Add Defendant (ECF No. 7) and a Response to Defendant's Motion to Dismiss. (ECF No. 8). Further, on July 1, 2019, Honorable United States District Judge referred this matter to the undersigned. (ECF No. 9). On July 8, 2019, Defendant filed a Reply to Plaintiff's Response. (ECF No. 11). Accordingly, this matter is now ripe for a Report and Recommendation to the District Judge.

## II.   CONTENTIONS OF THE PARTIES

### A. Plaintiff's Complaint

Plaintiff's Complaint ("Pl's Compl.) (ECF No. 13-1, at 3) purports to allege ten counts against Defendant Altria Group, Inc. Plaintiff's Complaint and the alleged causes of action contained therein stem from Plaintiff's use of and addiction to Marlboro Cigarettes. (ECF No. 13-1, at 3-5). Counts One through Ten of Plaintiff's Complaint are stated as follows: Count One, Negligence; Count Two, Misrepresentation; Count Three, Advertising Injury; Count Four, Moral Wrong; Count Five, Intentional Wrong; Count Six, Harmful Behavior; Count Seven, Eight, and Nine, Bodily Harm, Physical Harm, Continuing Harm; and Count Ten, Irreparable Injury. (ECF No. 13-1, at 3-5).

Plaintiff alleges that Defendant Altria Group, Inc. is the "producer of Marlboro Cigarettes." (ECF No. 13-1, at 1). In Count One for Negligence, Plaintiff alleges that the Defendant engaged "in acts of negligence when the cigarette manufacturer knowingly and willfully used additives in their products to make said product more addictive to the user (Plaintiff) for the sole purpose of profit, and with complete disregard to the health ramifications to the customer." Id. In Count Two, Plaintiff alleges that Defendant engaged "in acts of misrepresentation by producing and then marketing a product under the guise that and implication that the addictiveness is a sole factor of the raw tobacco product." Id. Plaintiff claims that this "implied that the product has no additives that lead to a stronger addiction for the sole purpose of profit." Id. In Count Three, Plaintiff alleges that Defendant engaged in acts "of advertising injury by marketing an item in a fashion that discloses only partial information." Id. Plaintiff claims Defendant omitted facts "for the purpose of misleading the consumer, and gaining profit." Id.

In Count Four, Plaintiff alleges that Defendant's actions in "adding to their product additional additives that were harmful to the Plaintiff without warning or notification of such additives . . . for the purpose of gaining additional profit" is "morally wrong." Id. at 4. In Count Five, Plaintiff alleges Defendant's acts were "[i]ntentionally wrong" because Defendant "was aware of the additives to their product, and deliberately deceived the consumer." Id. In Count Six, Plaintiff alleges that Defendant's acts constituted "harmful behavior" because, in addition to the reasons provided in Counts One through Five, Defendant "posted in warning that the consumer should attempt to quit while intentionally adding additives to prevent the consumer from quitting the act the Defendant knew was harmful." Id.

In Counts Seven, Eight, and Nine, Plaintiff alleges he has suffered "bodily harm, physical harm, and continuing harm" as a result of the Defendant's actions. Id. Plaintiff specifically alleges

his use of Marlboro Cigarettes has caused him to suffer "damages to his lungs that result in a decreased capacity of lung volume usage." Id. Plaintiff alleges his lung damage "is clearly harm directly to Plaintiff as a result of continued usage of the product manufactured by the Defendant, and their actions to prevent the Plaintiff from quitting the use of their product by the use of additives." Id.

Finally, in Count Ten, Plaintiff alleges that Defendant's acts have caused "irreparable injury to the Plaintiff in that the harm caused to Plaintiff's lungs cannot be repaired." Id. Plaintiff claims that, "upon taking a physical to be accepted to classes for commercial scuba diving" Plaintiff "failed said physical under the lung volume test, and only on the lung volume test" and for this reason, Plaintiff was denied the opportunity of the classes. Id. at 5. Plaintiff claims such damage has caused him to lose a "job opportunity [sic] in the career of his choice." Id. Plaintiff further claims his Complaint has been filed "timely" because it was filed "within the timeframe [sic] required from the time that the use of these additives has been made known by public disclosure under the direction of the Supreme Court of the United States." Id. As a result, Plaintiff requests seven hundred fifty thousand dollars ($750,000.00) in damages along with "interest, court costs, attorney fees, and any additional costs this Court may find reasonable to award." Id.

### B. Defendant's Motion to Dismiss

Defendant filed a Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 4) and Memorandum in Support (ECF No. 4-1) of said Motion on June 10, 2019. In its Motion, Defendant Altria Group, Inc. avers that because it "is not subject to West Virginia's long-arm statute, and under controlling U.S. Supreme Court decisional law, any exercise of jurisdiction would violate Altria's due process." (ECF No. 4-1 at 1). Defendant contends that it is a Virginia corporation with its "principal place of business in Richmond, Virginia." Id. Defendant avers that Altria is "a

holding company that derives its income from the equity earnings of its direct and indirect wholly owned subsidiaries and other equity investments." Id. One of Defendant Altria Group, Inc.'s subsidiaries is "Philip Morris USA Inc. ("PM USA"). Id. at 1-2. PM USA's "primary source of revenue is the manufacturing and selling of cigarettes." Id. at 2. Defendant contends that "Altria and PM USA engage in wholly different business activities." Id.

In support of its Motion, Defendant contends that Altria "does not itself or through agents engage in the production, advertisement, distribution, or sale of tobacco products." Id. In fact, contrary to Plaintiff's Complaint, Defendant alleges that "Altria has **never** engaged in the business of manufacturing, distributing, testing, designing, promoting, marketing, packaging, advertising, or selling cigarettes, or any tobacco products, **anywhere, including West Virginia.**" Id. (emphasis added). Defendant further contends that PM USA has never acted as "Altria's agent" with regard to "the business of manufacturing, distributing, testing, designing, promoting, marketing, packaging, advertising, or selling cigarettes, or any tobacco products." Id. In addition, Defendant Altria alleges that it has not, at any time, "given authority to PM USA, or any other entity, to act as an agent in manufacturing, marketing, distributing, or otherwise placing any product in the stream of commerce." Id.

Next, Defendant alleges that "Altria and PM USA have separate and distinct corporate existences." Id. Further, Defendant contends that Altria "lacks contacts with West Virginia" because, among other reasons, it does not "conduct business in West Virginia" and is not "authorized or registered to conduct business in West Virginia." Id. at 3. As such, Defendant contends nothing it has done would give "rise to an expectation that it might be haled into court in West Virginia." Id. Accordingly, Defendant argues that Plaintiff has failed to meet his burden of establishing that a West Virginia court can properly exercise personal jurisdiction over Defendant

5

Altria. Id.  Finally, Defendant argues that the existence of a parent-subsidiary relationship between itself and PM USA does not establish a sufficient basis for personal jurisdiction because the two are "separate entities for jurisdictional purposes." Id. at 7.

Attached to Defendant's Motion to Dismiss as Exhibit A is an Affidavit from W. Hildebrandt Surgner, Jr. in Support of Def. Altria Group, Inc.'s Motion to Dismiss for lack of Personal Jurisdiction ("Surgner Aff.") (ECF No. 4-2). Mr. Surgner is the Corporate Secretary of Altria Group, Inc. (ECF No. 4-2 at 1). Mr. Surgner's Affidavit reinforces and supports Defendant's arguments regarding Defendant's separate corporate existence from its subsidiary PM USA, that Defendant Altria Group has never, in any way, been engaged in the manufacture, distribution, advertising, or sale of cigarettes, and that Defendant Altria Group has no contact with the jurisdiction of West Virginia. (ECF No. 4-2, at 2-4)

### C. Plaintiff's Motion to Add Defendant and Response to Defendant's Motion

Plaintiff filed a Response to Defendant's Motion to Dismiss on July 1, 2019. (ECF No. 8). In his Response, Plaintiff claims that Defendant Altria Group, Inc. is attempting to use "the corporate status to hide behind the wrong doings of Phillip Morris USA, Inc.," and, under these circumstances, "the corporate veil can be removed." (ECF No. 8 at 1). Plaintiff contends that the "federal courts have consistently recognized Altria Group, Inc. as a liable party for the actions of Phillip Morris USA, Inc." and that Altria Group, has in fact been recognized as a cigarette manufacturer and distributor. Id. at 2.

Plaintiff alleges that "Phillip Morris USA, Inc. functions to the ends of the means of the parent corporation in that all funds and proceeds belong to the parent" Altria Group, Inc. Id. Finally, as the parent company, Plaintiff claims Defendant Altria Group Inc., is the "primary and controlling entity of Phillip Morris USA, Inc." and thus, provides service to West Virginia through

6

its subsidiary PM USA. Id. Accordingly, Plaintiff argues this Court can exercise jurisdiction over Defendant Altria Group, Inc.

Plaintiff further filed a Motion to Add Defendant (ECF No. 7) on July 1, 2019. In his Motion, Plaintiff claims Defendant Altria Group, Inc. "alleges in the motions filed, that Phillip Morris USA, Inc. is primarily liable for the claims made against Defendant in the matter" and, as such, "Defendant has the right to add a third-party defendant." (ECF No. 7). As such, Plaintiff claims Defendant has "failed to add a third-party defendant yet has named a liable party as an additional party in this matter." Id. Accordingly, Plaintiff requests "Philip Morris USA, Inc." be added "as an additional defendant without dismissing the claims against Altria Group, Inc. as an additional liable party." Id.

D. **Defendant's Reply**

In Defendant's Reply (ECF No. 11) to Plaintiff's Response filed on July 8, 2019, Defendant avers that Plaintiff's Response "does not contest *any* of the jurisdictional facts set forth in Altria's Memorandum in Support of Its Motion to Dismiss." (ECF No. 11 at 1). Defendant reiterates its argument that Plaintiff "cannot use Altria's ownership of PM USA to establish personal jurisdiction over Altria." Id. at 2. Accordingly, Defendant asserts again that Plaintiff has not, and cannot, establish that Altria "had sufficient minimum contacts with West Virginia to establish general or specific personal jurisdiction." Id.

### III.   LEGAL STANDARD

A. **Motion to Dismiss for Lack of Jurisdiction**

1. **Specific Personal Jurisdiction**

The United States Court of Appeals for the Fourth Circuit and Courts in this Circuit assess three factors to determine whether specific jurisdiction exists: "(1) the extent to which the

7

defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." <u>Consulting Eng'rs Corp. v. Geometric Ltd.</u>, 561 F.3d 273, 278 (4th Cir. 2009) (citation and quotation marks omitted).

"The first prong articulates the minimum contacts requirement of constitutional due process that the defendant purposefully avail himself of the privilege of conducting business under the laws of the forum state." <u>Id.</u> Courts determine whether purposeful availment occurred in light of a non-exhaustive list of eight factors:

> (1) whether the defendant maintains offices or agents in the forum state; (2) whether the defendant owns property in the forum state; (3) whether the defendant reached into the forum state to solicit or initiate business; (4) whether the defendant deliberately engaged in significant or long-term business activities in the forum state; (5) whether the parties contractually agreed that the law of the forum state would govern disputes; (6) whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship; (7) the nature, quality and extent of the parties' communications about the business being transacted; and (8) whether the performance of contractual duties was to occur within the forum.

<u>Universal Leather, LLC v. Koro AR, S.A.</u>, 773 F.3d 553, 560 (4th Cir. 2014) (quotation marks and internal citations omitted).

### IV. ANALYSIS

**A. Defendant's Motion to Dismiss should be granted because this Court does not have personal jurisdiction over Defendant, Altria Group, Inc.**

Based upon the foregoing, when considering the filings of both parties it is clear that Plaintiff has not plead facts sufficient to satisfy the exercise of specific personal jurisdiction over Defendant Altria Group, Inc. Specifically, based upon the Affidavit of W. Hildebrandt Surgner, Jr., (ECF No. 4-2) it is evident that Defendant Altria Group, Inc. has no contact whatsoever with

8

the forum State of West Virginia, much less sufficient contact to establish specific personal jurisdiction.

Defendant Altria Group, Inc. is incorporated in the State of Virginia and further, has its principal place of business and office in Richmond, VA. (ECF No. 4-2 at 3, ¶ 4). "Altria has never been engaged in the business of manufacturing, distributing, testing, designing, promoting, marketing, packaging, advertising, or selling cigarettes or any tobacco products in West Virginia or anywhere else." Id. at 4, ¶ 12. Defendant Altria Group, Inc. does not conduct any business in West Virginia, has no registered office or place of business in West Virginia, is not licensed to do business in West Virginia, and has no employees in West Virginia. Id. at 5, ¶¶ 15-18. Defendant does not have any bank accounts, property, telephone listings, or tax obligations in West Virginia. Id. at ¶¶ 19-23.

Further, while Plaintiff claims that Defendant Altria Group, Inc., conducts business in West Virginia through its subsidiary, PM USA's engagement in the manufacture, advertisement, and distribution of tobacco products in West Virginia, the mere existence of a parent-subsidiary relationship is not sufficient on its own to establish specific personal jurisdiction. Saudi v. Northrop Grumman Corp., 427 F.3d 271, 276 (4th Cir. 2005) ("[I]t is generally the case that the contacts of a corporate subsidiary cannot impute jurisdiction to its parent entity.").

Because, the undersigned has found specific personal jurisdiction is lacking, personal jurisdiction must arise from Defendant Altria Group, Inc.'s "general, more persistent, but unrelated contacts with" West Virginia. Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 397 (4th Cir. 2003). A Plaintiff can establish general jurisdiction by showing the defendant has "continuous and systematic" activities in the state. Id. "[T]he threshold level of minimum contacts to confer general jurisdiction is significantly higher than for specific jurisdiction." ESAB

Grp., Inc. v. Centricut, Inc., 126 F.3d 617, 623 (4th Cir. 1997) (citation omitted). "The hallmark of general jurisdiction is that the defendant's contacts with the forum state are so extensive that it should reasonably foresee being haled into court there." Byard v. Verizon W. Virginia, Inc., Civil Action NO. 1:11CV132, 2012 U.S. Dist. LEXIS 44339, 2012 WL 1085775, at *8 (N.D.W. VA. Mar. 30, 2012) (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).

For the same reasons explained more fully above, it is clear that Defendant Altria Group, Inc. does not have any contact with the forum State of West Virginia and falls far short of the "continuous and systematic" contact required to confer general personal jurisdiction. Further, it would not be reasonably foreseeable to Defendant Altria Group, Inc. that it could be haled into Court in the State of West Virginia.

Accordingly, the undersigned is of the opinion that it would not be constitutionally reasonable to exercise specific personal jurisdiction over Defendant Altria Group, Inc. As such, the undersigned **RECOMMENDS** the District Judge **FIND** that Plaintiff has failed to establish that this Court can constitutionally exercise specific personal jurisdiction, Defendant, Altria Group, Inc. does not have any contact with the State of West Virginia sufficient to confer general personal jurisdiction over Defendant, and, therefore, Plaintiff's Complaint against Altria Group, Inc. should be **DISMISSED**.

**B. Plaintiff's Motion to Add Defendant, construed herein as a Motion to Amend should be Granted and Plaintiff is directed to file and serve an Amended Complaint upon Defendant Philip Morris, USA within twenty-one (21) days.**

Although the undersigned would note that Plaintiff's "Motion to Add Defendant" sounds in third-party liability and impleader under Rule 14(a)(1) of the Federal Rules of Civil Procedure, wherein **a defending party** may, as third-party Plaintiff, serve a summons or complaint on a nonparty who is or may be liable to it for all or part of the claim against it, the undersigned must

liberally construe the *pro se* Plaintiff's filing. As such, the undersigned will consider Plaintiff's Motion to Add Defendant (ECF No. 7) as a Motion to Amend under Rule 15(a) of the Federal Rules of Civil Procedure. Rule 15(a) provides:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it; or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), €, or (f), whichever is earlier.

Fed. R. Civ. P. 15(a). However, even when a party may amend as a matter of course, leave to amend may be denied if there is bad faith, undue prejudice to the opposing party, or futility of amendment. See United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). Finding the *pro se* Plaintiff may amend as a matter of course here, the undersigned **RECOMMENDS** Plaintiff's Motion to Add Defendant (ECF No. 7), construed as a Motion to Amend be **GRANTED**. The undersigned **DIRECTS** Plaintiff to file and serve an Amended Complaint on new Defendant Philip Morris, USA, Inc. **within twenty-one (21) days** from the date of Plaintiff's receipt of this Report and Recommendation.

## V.     CONCLUSION

For the reasons set forth herein, the undersigned **RECOMMENDS** Defendant's First Motion to Dismiss for Lack of Jurisdiction (ECF No. 4) be **GRANTED** and Plaintiff's claims against Defendant Altria Group be **DISMISSED**. The undersigned further **RECOMMENDS** Plaintiff's Motion to Add Defendant (ECF No. 7), construed as a Motion to Amend be **GRANTED**. The undersigned **DIRECTS** Plaintiff to file and serve an Amended Complaint on Defendant Philip Morris, USA **within twenty-one (21) days** from the date of Plaintiff's receipt of this Report and Recommendation.

**Any party shall, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.**

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Court directs the Clerk of the Court to provide a copy of this Order to any parties who appear pro se and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Respectfully submitted on October 29, 2019.

*[signature]*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE