IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**DALE P. FIELD, JR.,**

      **Plaintiff,**

v.                                               **CIVIL ACTION NO.: 2:19-cv-36**
                                                          **(JUDGE KLEEH)**

**PHILLIP MORRIS, USA, INC.,**

      **Defendant.**

**REPORT AND RECOMMENDATION THAT
PLAINTIFF'S ACTION BE DISMISSED WITHOUT PREJUDICE**

**I. INTRODUCTION**

This matter comes before the undersigned Magistrate Judge pursuant to an Order of Referral entered by Honorable United States District Judge Thomas S. Kleeh on July 1, 2019 [ECF No. 9]. This matter currently is before the Court on Plaintiff's Motion for Default Judgment [ECF No. 32], Plaintiff's Motion for Extension of Time to Supplement Response [ECF No. 38], Plaintiff's Motion to Vacate Order [ECF No. 41], Plaintiff's Renewal Motion for Default Judgment [ECF No. 42], Plaintiff's Request/Motion for Waiver of Service [ECF No. 43], and Plaintiff's Motion for Extension of Time and Order for Service Pursuant to Rule 4(c)(3) [ECF No. 44].

For the reasons stated herein, the undersigned **FINDS** that Plaintiff has not effectuated service of the Amended Complaint and Summons on Defendant Phillip Morris, USA, Inc. as previously ordered by the United States District Judge Honorable Thomas S. Kleeh [ECF No. 39]. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Request/Motion for Waiver of Service [ECF No. 43], to the extent which it may be construed as a request for relief from the Court, and Plaintiff's Motion for Extension of Time and Order for Service Pursuant to Rule 4(c)(3)

[ECF No. 44] be **DENIED** and that the action here be **DISMISSED without prejudice**. The undersigned further **RECOMMENDS** that Plaintiff's Motion for Extension of Time to Supplement Response [ECF No. 38] and Plaintiffs Motion to Vacate Order [ECF No. 41] be **DENIED AS MOOT**. The undersigned further **RECOMMENDS** that Plaintiff's Motion for Default Judgment [ECF No. 32] and Plaintiff's Renewal Motion for Default Judgment [ECF No. 42] be **DENIED**.

## II.     BACKGROUND AND PROCEDURAL HISTORY

This is an action concerning claims of injury arising from Plaintiff's use of tobacco products. Plaintiff Dale P. Field, Jr., proceeding *pro se*, initially filed a Complaint in the Circuit Court of Randolph County, West Virginia on March 15, 2019 naming as a Defendant Altria Group, Inc. ("Defendant Altria") [ECF No. 13-1, at 3]. It appears from Plaintiff's filings that he has been incarcerated during the pendency of this matter. Defendant Altria filed a Notice of Removal and removed this action to this Court on June 10, 2019 [ECF No. 1]. On June 10, 2019, Defendant Altria filed its First Motion to Dismiss for Lack of Jurisdiction [ECF No. 4]. On July 1, 2019, Plaintiff filed a Motion to Add Defendant [ECF No. 7] and a Response to Defendant's Motion to Dismiss [ECF No. 8]. Then, on July 1, 2019, United States District Judge Honorable Thomas S. Kleeh referred this matter to the undersigned [ECF No. 9].

Subsequently, the undersigned entered a Report and Recommendation [ECF No. 15] on October 29, 2019 recommending Defendant Altria's First Motion to Dismiss for Lack of Jurisdiction [ECF No. 4] be granted and Plaintiff's claims against Defendant Altria be dismissed. The undersigned further recommended Plaintiff's Motion to Add Defendant [ECF No. 7], construed as a Motion to Amend be granted and the undersigned directed Plaintiff to file and serve an Amended Complaint on Defendant Philip Morris, USA, Inc. ("Defendant PM USA"). Plaintiff

filed an Amended Complaint [ECF No. 21] naming Philip Morris, USA as Defendant on December 23, 2019. United States District Judge Honorable Thomas S. Kleeh adopted the undersigned's Report and Recommendation by Order [ECF No. 24] on February 3, 2020.

However, on September 20, 2019, Plaintiff initiated this same action against Defendant PM USA in the Circuit Court of Randolph County, West Virginia [ECF No. 1-1 at 6 in Case No. 2:20-cv-2]. Defendant PM USA filed a Notice of Removal [ECF No. 1 in 2:20-cv-2] and removed the case to this Court on February 4, 2020. It appearing to the Court that the Complaint filed by Plaintiff against Defendant PM USA in both Case No. 2:19-cv-36 and Case No. 2:20-cv-2, are the same or substantially the same, the undersigned issued a paperless order consolidating the cases [ECF No. 30] such that all subsequent filings were to be made in the instant matter, Case No. 2:19-cv-36.

Thereafter, on March 31, 2020, Plaintiff filed a Motion for Default Judgment [ECF No. 32]. Nevertheless, Plaintiff did not serve Defendant PM USA with the Amended Complaint and Summons. Thus, the District Judge entered an order on April 14, 2020 [ECF No. 39] directing Plaintiff to served Defendant PM USA within 90 days of the order's entry.

However, rather than serve Defendant PM USA as ordered, Plaintiff since has filed the following: Motion for Extension of Time to Supplement Response [ECF No. 38], Motion to Vacate Order [ECF No. 41], Renewal Motion for Default Judgment [ECF No. 42], Request/Motion for Waiver of Service [ECF No. 43], and Motion for Extension of Time and Order for Service Pursuant to Rule 4(c)(3) [ECF No. 44].

### III.   ANALYSIS

As a threshold matter, Plaintiff has failed to serve Defendant PM USA with the Amended Complaint and Summons within the timeframe as previously ordered. With such failure, the undersigned's recommended resolution of the matter is rather brief.

#### A. Request/Motion for Waiver and Motion for Extension of Time

More particularly, pending is Plaintiff's Request/Motion for Waiver of Service [ECF No. 43] and Plaintiff's Motion for Extension of Time and Order for Service Pursuant to Rule 4(c)(3) [ECF No. 44], both of which were filed after the District Judge's order [ECF No. 39] directing Plaintiff to serve the Amended Complaint and Summons.

As to the former, Plaintiff's Request/Motion for Waiver of Service [ECF No. 43], it is not a motion *per se* so much as a request by Plaintiff that Defendant's counsel waive service of the Amended Complaint and Summons under Fed. R. Civ. P. 4(d). While the rule here encourages waiver of service in certain instances and sets forth a mechanism for it, the rule does not require waiver. It appears from the record of this matter that Defendant PM USA has not waived service or otherwise responded to this request, nor is it required to do so. Thus, the inquiry ends there. The rule does provide for potential imposition of certain expenses on a defendant who refuses to waive service, which would be levied only <u>after</u> a plaintiff's successful service, which has not occurred here. To the extent this filing by Plaintiff may be construed as a motion for relief or action by this Court, the undersigned recommends denial of the same.

As to the latter, Plaintiff's Motion for Extension of Time and Order for Service Pursuant to Rule 4(c)(3) [ECF No. 44], Plaintiff requests that the Court enlarge the time which the Court previously granted to effect service in this matter. Plaintiff also requests that the Court order service be made under Fed. R. Civ. P. Rule 4(c)(3). Under this rule, a court may order that service

be made by a United States marshal, deputy marshal, or other person appointed to accomplish the same. However, under this rule, a plaintiff must be proceeding *in forma pauperis* under 28 U.S.C. § 1915. In the instant matter, although Plaintiff sought leave to proceed in state court without paying costs, Plaintiff has not been granted such status in this matter once it was removed to the United States District Court for the Northern District of West Virginia, nor has Plaintiff requested it. Thus, the undersigned recommends denial of this motion.

### B. Plaintiff's Remaining Motions

Pending in this matter are several other motions filed by Plaintiff, namely: Plaintiff's Motion for Extension of Time to Supplement Response [ECF No. 38], Plaintiffs Motion to Vacate Order [ECF No. 41], Plaintiff's Motion for Default Judgment [ECF No. 32], and Plaintiff's Renewal Motion for Default Judgment [ECF No. 42].

### 1. Motion for Extension and Motion to Vacate

As for Plaintiff's Motion for Extension of Time to Supplement Response [ECF No. 38] and Plaintiffs Motion to Vacate Order [ECF No. 41], they are moot in light of the procedural posture of this matter and/or the recommendations set forth herein otherwise. The Motion for Extension of Time to Supplement Response [ECF No. 38] is titled "Plaintiff's Response to Defendant's Motion to Dismiss with Incorporated Memorandum of Law," but contains a perfunctory motion in the last paragraph to supplement his response once he has access to a functional law library at the facility where he is incarcerated should the Court require it.[1] While it is not entirely clear, it appears that Plaintiff's response here pertains to the motion to dismiss filed by Defendant PM USA in the companion case [ECF No. 4 in 2:20-cv-2]. However, as previously

---

[1] The docket entries in this matter, ECF No. 37 and ECF No. 38, are identical. ECF No. 37 is docketed as Plaintiff's response while ECF No. 38 is docketed as Plaintiff's motion. These separate docket entries account for the motion made in the last paragraph on the last page of Plaintiff's filing.

noted, that companion case was consolidated with the instant one; moreover, Defendant PM USA's motion to dismiss in 2:20-cv-2 was denied as moot [ECF No. 9 in 2:20-cv-2]. Therefore, Plaintiff's motion here as part of his response [ECF No. 38] should be denied as moot.

The Motion to Vacate Order [ECF No. 41] is a request to vacate the Court's Amended Order of April 3, 2020 [ECF No. 35]. While the reason for Plaintiff's motion is not entirely clear, the undersigned notes that the Amended Order [ECF No. 35] granted Defendant PM USA's Motion to Stay [ECF No. 33] the instant matter pending resolution of Defendant PM USA's motion to dismiss filed by Defendant PM USA in the companion case [ECF No. 4 in 2:20-cv-2]. However, as noted above, that motion to dismiss was denied as moot [ECF No. 9 in 2:20-cv-2]. Thus, Plaintiff's request to vacate the Amended Order is unnecessary and is moot.

### 2. Motions for Default Judgment

As for Plaintiff's Motion for Default Judgment [ECF No. 32] and Plaintiff's Renewal Motion for Default Judgment [ECF No. 42], they are misplaced in light of the posture of this matter. In his initial motion [ECF No. 32], Plaintiff argues that he is entitled to default judgment because, in its motion to dismiss in the companion matter, 2:20-cv-2, Defendant PM USA states that the Amended Complaint had been filed in the instant matter. Plaintiff seems to argue that this acknowledgement constitutes good service of the Amended Complaint and Summons, and that given the passage of time without an answer or responsive pleading in the instant matter, default judgment should be entered. However, the fact still remains, as aforementioned, that Plaintiff has not served Defendant PM USA with the Amended Complaint and Summons. Moreover, Plaintiff cites no statute or rule to support the conclusion that there is good, effective service otherwise here, nor is the undersigned aware of any such authority. Therefore, Plaintiff's companion motions for default judgement should be denied.

## IV.     RECOMMENDATION AND CONCLUSION

For the reasons stated herein, the undersigned **FINDS** that Plaintiff has not effectuated service of the Amended Complaint and Summons on Defendant PM USA as previously ordered by the United States District Judge Honorable Thomas S. Kleeh [ECF No. 39]. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Request/Motion for Waiver of Service [ECF No. 43], to the extent which it may be construed as a request for relief from the Court, and Plaintiff's Motion for Extension of Time and Order for Service Pursuant to Rule 4(c)(3) [ECF No. 44] be **DENIED** and that the action here be **DISMISSED without prejudice**. The undersigned further **RECOMMENDS** that Plaintiff's Motion for Extension of Time to Supplement Response [ECF No. 38] and Plaintiff's Motion to Vacate Order [ECF No. 41] be **DENIED AS MOOT**. The undersigned further **RECOMMENDS** that Plaintiff's Motion for Default Judgment [ECF No. 32] and Plaintiff's Renewal Motion for Default Judgment [ECF No. 42] be **DENIED.**

Any party shall have fourteen days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985);

Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

      The Clerk of the Court is directed to send a copy of this Report and Recommendation to any parties who appear *pro se* by U.S. Certified Mail, return receipt requested, and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Respectfully submitted on August 12, 2020.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE