```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                        ELKINS
```

**DALE P. FIELD, JR.,**

    **Plaintiff,**

**v.**                                                **Civ. Action No. 2:19-CV-36**
                                                                   **(Kleeh)**

**PHILLIP MORRIS, USA, INC.,**

    **Defendant.**

### ORDER ADOPTING REPORT AND RECOMMENDATION
### [ECF NO. 47] AND DISMISSING ACTION WITHOUT PREJUDICE

This action was originally filed in the Circuit Court of Randolph County, West Virginia. It was removed to the Northern District of West Virginia on June 10, 2019. The Plaintiff, Dale P. Field, Jr. ("Field"), brought multiple claims against the original defendant, Altria Group, Inc. ("Altria"), relating to purported injuries arising from Plaintiff's use of tobacco products. Altria moved to dismiss the Complaint for lack of personal jurisdiction [ECF No. 4]. On July 1, 2019, Plaintiff moved to add a defendant [ECF No. 7] and responded to the motion to dismiss [ECF No. 8]. On July 1, 2019, the Court referred the action to the Magistrate Judge. [ECF No. 9].

On October 29, 2019, the Magistrate Judge entered a Report and Recommendation ("R&R"), recommending that Altria's motion to dismiss be granted and the claims against Altria be dismissed.

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**[ECF NO. 47] AND DISMISSING ACTION WITHOUT PREJUDICE**

[ECF No. 15]. The Magistrate Judge also recommended that the Court construe Plaintiff's motion to add defendant [ECF No. 7] as a motion to amend the complaint and grant said motion. On February 3, 2020, this Court adopted the Magistrate Judge's R&R. [ECF No. 24].

At that point, however, Plaintiff initiated a separate action in the Circuit Court of Randolph County, West Virginia, against Philipp Morris USA ("PM USA"). PM USA removed the action to this Court. The Magistrate Judge consolidated the two actions, but the District Judge then granted a motion to dismiss in 2:20-CV-2, opting to proceed solely in the above-referenced action. During that time period and on March 31, 2020, Plaintiff filed a Motion for Default Judgment in this case. [ECF No. 32]. On April 14, 2020, the Court ordered Plaintiff to serve PM USA with the Amended Complaint and Summons within 90 days of the entry of the order. [ECF No. 39].

Since the Court ordered him to serve PM USA, Plaintiff has filed the following: a Motion to Vacate Amended Order [ECF No. 41], in which he asks the Court to vacate a previous order entered by the Magistrate Judge; a Renewal of Motion for Default Judgment [ECF No. 42]; a Request for Waiver of Service [ECF No. 43]; and a Motion for Extension of Time and Order for Service Pursuant to Rule 4(c)(3) [ECF No. 44].

**Field v. Phillip Morris, USA, Inc.**                                2:19-CV-36

**ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 47] AND DISMISSING ACTION WITHOUT PREJUDICE**

## I.   THE REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the entire action to United States Magistrate Judge Michael J. Aloi. On August 12, 2020, the Magistrate Judge entered an R&R, recommending that the Court dismiss the case without prejudice because Defendant had not waived service and Plaintiff had failed to serve PM USA within the time ordered by the Court. Specifically, the R&R recommended the following action by this Court: that Plaintiff's Request for Waiver of Service [ECF No. 43], to the extent which it may be construed as a request for relief from the Court, and Plaintiff's Motion for Extension of Time and Order for Service Pursuant to Rule 4(c)(3) [ECF No. 44] be **DENIED** and that the action here be **DISMISSED without prejudice** [ECF No. 47]; that Plaintiff's Motion for Extension of Time to Supplement Response [ECF No. 38] and Plaintiffs Motion to Vacate Order [ECF No. 41] be **DENIED AS MOOT;** and that Plaintiff's Motion for Default Judgment [ECF No. 32] and Plaintiff's Renewal Motion for Default Judgment [ECF No. 42] be **DENIED.**

The R&R also informed the parties that they had fourteen (14) days from the date of service of the R&R to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection." It further warned them that the "[f]ailure to file

3

written objections . . . shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." The docket reflects that the Plaintiff accepted service of the R&R on August 17, 2020. [ECF No. 48]. He filed timely objections on August 24, 2020. [ECF No. 49].

## II. <u>STANDARD OF REVIEW</u>

When reviewing a magistrate judge's R&R, the Court must review <u>de novo</u> only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. <u>Dellarcirprete v. Gutierrez</u>, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005). "When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, <u>de novo</u> review is unnecessary." <u>Green v. Rubenstein</u>, 644 F. Supp. 2d 723, 730 (S.D.W. Va. 2009) (citing <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982) (emphasis added)).

**Field v. Phillip Morris, USA, Inc.**                    **2:19-CV-36**

**ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 47] AND DISMISSING ACTION WITHOUT PREJUDICE**

### III.  OBJECTIONS

Plaintiff filed a three-page document including a list of three objections, which this Court will review each under the de novo standard. Plaintiff argues:

> (1)  that his motion for extension of time is warranted;
>
> (2)  that his motion for waiver is proper; and
>
> (3)  that the other motions provided by Plaintiff are not moot.

[ECF No. 49].

### IV.  DISCUSSION

After reviewing for clear error and finding none, the Court adopts and incorporates by reference all portions of the R&R to which no objection was made.

**A. Objection #1: Motion for Extension [ECF No. 44]**

Plaintiff first argues that his motion for an extension of time to serve PM USA is warranted. [ECF No. 44]. He argues that it was timely because it was filed prior to the expiration of the time frame allotted by the Court. Id. In support of his argument, Plaintiff cites a case from the United States District Court for the Middle District of North Carolina, which he states supports the assertion that if personal service is difficult to obtain, a

5

**Field v. Phillip Morris, USA, Inc.**                           **2:19-CV-36**

**ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 47] AND DISMISSING ACTION WITHOUT PREJUDICE**

motion for extension of time is warranted. Id. Plaintiff argues that his incarcerated status makes personal service difficult. Id.

The Court notes that PM USA has never been served in this matter. Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The Amended Complaint against PM USA was deemed filed on February 3, 2020. [ECF Nos. 21, 24]. Plaintiff did not serve PM USA following the filing of the Amended Complaint. Pursuant to Rule 4, the Court exercised its discretion on April 14, 2020, when it entered an order directing Plaintiff to serve PM USA within 90 days. [ECF No. 39]. In short, Plaintiff has already been granted an extension to effectuate service in this action. Id. The Court is not persuaded by Plaintiff's argument that his incarceration justifies further delay. Still, over seven months after the filing of the Amended Complaint, Plaintiff has not effectuated service. For these reasons, Plaintiff's objection is overruled, and the R&R is adopted on this issue.

**Field v. Phillip Morris, USA, Inc.**                    **2:19-CV-36**

**ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 47] AND DISMISSING ACTION WITHOUT PREJUDICE**

**B. Objection #2: Motion for Waiver [ECF No. 43]**

Plaintiff argues that he acted properly in requesting that the Court order that service be made by United States marshal under Rule 4(c)(3) of the Federal Rules of Civil Procedure. He further asserts that the Magistrate Judge failed to recognize him as a pro se litigant and should honor his in forma pauperis status that he was granted in state court.

Under Rule 4(c)(3), the Court may order that service be made by the United States marshal "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915." Fed. R. Civ. P. 4(c)(3). Here, Plaintiff filed the required financial affidavit in the Circuit Court of Randolph County to waive litigation costs, but did not request the same nor was he granted in forma pauperis status in the United States District Court for the Northern District of West Virginia. [ECF No. 1-1]. Because the Court did not order the United States marshal to effectuate service of the amended complaint and summons for Plaintiff, nor did it grant Plaintiff in forma pauperis status to make such manner of service appropriate; therefore, Plaintiff's objection as to this ground is overruled and the R&R is adopted on this issue.

**C. Objection #3: Remaining motions**

Plaintiff argues that the remaining motions are not moot

7

**Field v. Phillip Morris, USA, Inc.**                             2:19-CV-36

**ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 47] AND DISMISSING ACTION WITHOUT PREJUDICE**

because he acted within the perimeters of federal law. While that is the extent of Plaintiff's vague objection, with no supporting authority whatsoever, the Court will restate its findings herein as to denying Plaintiff's remaining motions.

Therefore, as the Magistrate Judge correctly found, Plaintiff's remaining motions, namely the Motion for Extension of Time to Supplement Response [ECF No. 38], Motion to Vacate Order [ECF No. 41], Motion for Default Judgment [ECF No. 32], and Renewal Motion for Default Judgment [ECF No. 42] should each be denied as moot. This Court agrees and will discuss each motion in turn.

1. **Motion for Extension of Time to Supplement Response [ECF No. 38] and Motion to Vacate Order [ECF No. 41]**

In light of the procedural posture of this case, and the findings this Court is making herein, both Motion for Extension of Time to Supplement Response [ECF No. 38] and Motion to Vacate Order [ECF No. 41] are denied as moot. The Motion for Extension of Time to Supplement Response is titled "Plaintiff's Response to Defendant's Motion to Dismiss with Incorporated Memorandum of Law," but contains a perfunctory motion in the last paragraph to supplement his response once he gains access to a functional law library at the facility where he is incarcerated should the Court require it. While it is not entirely clear to the Court, it appears that Plaintiff's response here pertains to the motion to dismiss

filed by PM USA in the companion case [ECF No. 4 in 2:20-cv-2], which was consolidated with the instant case. Moreover, PM USA's motion to dismiss in 2:20-cv-2 was denied as moot [ECF No. 9 in 2:20-cv-2]; therefore, Plaintiff's for Extension of Time to Supplement Response, to presumably PM USA's motion to dismiss which was already denied, should be denied as moot.

The Motion to Vacate Order [ECF No. 41] is a request to vacate the Court's Amended Order of April 3, 2020 [ECF No. 35]. While Plaintiff's motion is not clear, the Court notes that the Amended Order [ECF No. 35] granted PM USA's Motion to Stay [ECF No. 33] the instant case pending resolution of PM USA's motion to dismiss filed in the companion case [ECF No. 4 in 2:20-cv-2]. Similar to the above issue, that motion to dismiss was denied as moot [ECF No. 9 in 2:20-cv-2]. Therefore, Plaintiff's Motion to Vacate the Amended Order is denied as moot, Plaintiff's objection is overruled, and the R&R is adopted on this issue.

2. **Motion for Default Judgment [ECF No. 32] and Renewal Motion for Default Judgment [ECF No. 42]**

Plaintiff's Motion for Default Judgment [ECF No. 32] and Plaintiff's Renewal Motion for Default Judgment [ECF No. 42] are both procedurally improper as pleaded in this matter. In the initial Motion for Default Judgment [ECF No. 32], Plaintiff argues that he is entitled to default judgment because, in PM USA's motion

9

**Field v. Phillip Morris, USA, Inc.**                          2:19-CV-36

**ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 47] AND DISMISSING ACTION WITHOUT PREJUDICE**

to dismiss in the companion matter [ECF No. 4 in 2:20-cv-2], PM USA stated that the Amended Complaint had been filed in the instant case, resulting in two identical cases pending simultaneously. Plaintiff asserts that PM USA's acknowledgement of the Amended Complaint having been filed in this case constitutes good service of the Amended Complaint and Summons, and that given the passage of time without an answer or responsive pleading in the instant matter, default judgment should be entered. However, as the Court has found, Plaintiff has not effectuated service of the Amended Complaint and Summons on PM USA pursuant to Rule 4 of the Federal Rules of Procedure. Again, Plaintiff fails to cite any statute or rule to support his conclusion that effective service has been made, nor is this Court aware of any such authority. Therefore, Plaintiff's companion motions for default judgement [ECF Nos. 32, 42] are denied, Plaintiff's objection is overruled, and the R&R is adopted on this issue.

V.     **CONCLUSION**

For the reasons discussed above, the R&R is **ADOPTED** [ECF No. 47]. Plaintiff's objections are **OVERRULED** [ECF No. 27, 28]. Plaintiff's Request for Waiver of Service [ECF No. 43], to the extent which it may be construed as a request for relief from the Court, and Plaintiff's Motion for Extension of Time and Order for Service Pursuant to Rule 4(c)(3) [ECF No. 44] are **DENIED.**

**Field v. Phillip Morris, USA, Inc.**                      **2:19-CV-36**

## ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 47] AND DISMISSING ACTION WITHOUT PREJUDICE

Plaintiff's Motion for Extension of Time to Supplement Response [ECF No. 38] and Plaintiff's Motion to Vacate Order [ECF No. 41] are **DENIED AS MOOT**. Plaintiff's Motion for Default Judgment [ECF No. 32] and Plaintiff's Renewal Motion for Default Judgment [ECF No. 42] are **DENIED**.

This action is **DISMISSED without prejudice**. The Court further **ORDERS** that this matter be **STRICKEN** from the Court's active docket and **DIRECTS** the Clerk to enter a separate judgment order.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to the pro se Plaintiff by U.S. Certified Mail, return receipt requested, and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: January 28, 2021

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE